STATE, EX REL. GEORGE E. SIBLEY, v. THE BOARD OF MANAGEMENT OF THE CARTERET CLUB OF ELIZA-BETH.

1. *Mandamus* is the appropriate writ to effect the restoration of a member of a private corporation who has been irregularly removed from membership.

2. Under the constitution and by-laws of the Carteret Club of Elizabeth, membership is not forfeited by a failure to pay dues, unless there is a determination of that fact by the board of management of the club, upon notice to the member charged with such failure to pay.

On a rule to show cause why a writ of *mandamus* to the board of management of the Carteret Club should not be granted, commanding them to restore George E. Sibley to resident membership in said club.

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

*George E. Sibley, in pro. pers.*

For the defendants, *A. Q. Keasbey.*

The opinion of the court was delivered by

REED, J.   The relator was a member of the Carteret Club, an organization for social purposes, in the city of Elizabeth. The club was incorporated by an act passed in 1873. *Pamph. L., p.* 956.

The charter provided for the exercise of powers usually exercised by and incident to corporations, namely, to hold, sell or mortgage property; to have a capital stock not exceeding $50,000. It also provided that the corporation should have power to make regulations and by-laws for the admission, suspension and expulsion of its members, &c.

Article I., section 6, of the constitution provides that on the first and fifteenth of each month, the treasurer shall send to each member a notice of his indebtedness. Any member failing to pay his indebtedness within fifteen days after the sending of such notice, shall be considered in default. His name shall be thereupon posted, &c. Should he remain in default fifteen days after such posting, he shall forfeit his membership in the club, unless he make an explanation which will be satisfactory to the board of management.

The board of management, upon the failure, as they allege, of the relator to pay after posting, resolved that he ceased to be a member by operation of article IV., and no declaration of forfeiture was passed by the board.

The relator claims that there can be no forfeiture of membership except by an inquiry and determination. That he is entitled to a hearing, under article IV., section 2, and an appeal to the club. I think the contention of the relator is correct.

The contrary view would base a forfeiture upon the existence of facts, with no one to determine when those facts exist. It leaves everything in confusion to say that a failure to do certain things operates, *ipso facto*, to forfeit, without providing a method of ascertaining the existence of a failure to do those things which operate to effect the forfeiture. He must fail to pay; he must have notice; he must be posted; fifteen days must then expire before the state of facts exist which create the forfeiture. Who is to say whether these precedent conditions exist? The treasurer or secretary, or any individual member, has no authority to so declare or adjudge. That there must be either in the club at large, or some body designated by the rules of the club, a tribunal to determine this,

appears to result from necessity as well as from every principle of justice to the individual member.

That the board of management is, in the first instance, the tribunal which is to determine this, appears not only from the fact that they are to entertain excuses which will relieve from the operation of the existence of these facts, but that by article IV., section 2, the procedure covers a case like the present.

. The tribunal before which, by that section, a member is summoned for discipline, suspension or forfeiture of membership, is this board of management, with a right of appeal to a special meeting of the club. Until the determination of the board of management that there was a forfeiture, upon notice to the relator, the rights of the relator, as a member of this club, cannot be affected.

That the right of membership to this club is one which the courts will protect, is, I think, clear. An irregular removal from connection with a private corporation will warrant the use of the writ of *mandamus* to effect a restoration of the expelled member to his corporate rights. *High on Ex. Rem.,* § 294.

The writ will, therefore, go to the board of management, commanding them to cause the name of the relator to be replaced upon the roll of members until his membership shall be determined in the manner provided by the constitution and by-laws of the club.